UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY R. BROWN,

      Plaintiff,

v.                                      Case No.: 8:09-cv-1504-T-24 EAJ

CHRISTOPHER D. ALLEN and
ALAMO FINANCING, LP,

      Defendants.

_____/

**ORDER**

This cause comes before the Court on Defendant Christopher D. Allen's Motion to Dismiss for Insufficient Service of Process and Lack of Jurisdiction and/or Motion to Quash pursuant to Federal Rules of Civil Procedure 4(f), 4(l), and 12(b)(5), and Florida Statute section 48.193. (Doc. No. 13.) Plaintiff Timothy R. Brown filed a response to that motion, as well as a Motion for Leave to Amend Complaint. (Doc. No. 15.)

**I.    Background**

Plaintiff Timothy Brown filed this suit against Defendant Christopher Allen and Defendant Alamo Financing, LP ("Alamo") for damages he suffered as a result of a motor vehicle accident that occurred on December 22, 2006. Plaintiff alleges that Defendant Allen negligently operated a vehicle, which he was operating with Defendant Alamo's knowledge and consent, so as to cause an accident that resulted in Plaintiff's injuries. Plaintiff asserts a cause of action against Defendant Allen for negligence and one against Alamo for vicarious liability.

On August 27, 2009, the Court dismissed with prejudice Plaintiff's claim against Defendant Alamo because the claim was barred by the Graves Amendment. Plaintiff's

negligence claim against Defendant Allen is still pending.

## II. Discussion

Defendant Allen seeks dismissal of the complaint against him because of insufficient service of process. Defendant Allen is a resident of a foreign country, and he contends that service upon him requires compliance under the Hague Convention. He contends that Plaintiff's attempt to serve him by substitute service on the Florida Secretary of State is insufficient.

Plaintiff does not dispute that his attempts at service thus far are insufficient. Rather, he moves the Court to permit him to file an amended complaint to correct those alleged deficiencies. Defendant Allen would not stipulate to Plaintiff filing an amended complaint.

However, Plaintiff need not obtain a stipulation from Defendant Allen, nor permission from the Court, to file his amended complaint. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff has filed this motion within 21 days after service of Defendant Allen's Rule 12(b) motion, and therefore, the amendment is timely. Plaintiff may amend his complaint "as a matter of course."

## III. Conclusion

Accordingly, for the reasons stated, Defendant Allen's Motion to Dismiss (Doc. No. 13) is **GRANTED** to the extent that the original complaint is dismissed without prejudice, and Plaintiff's Motion for Leave to Amend (Doc. No. 15) is **GRANTED**. Plaintiff is directed to file his Amended Complaint on or before **Friday, November 20, 2009.** In his motion, Plaintiff also seeks an extension of time to serve Defendant Allen. Plaintiff, however, has not stated how

much additional time he needs for service. Therefore, that request is denied. If necessary, Plaintiff may renew this request at a later time.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of November, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of record